# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Juan Gonzalez-Martinez,** | Case No. 2:15-cv-4444-RBH-MGB |
|       **Petitioner,** | |
| v. | |
| | **REPORT AND RECOMMENDATION** |
| **Warden L. R. Thomas,** | |
|       **Respondent.** | |

Juan Gonzalez-Martinez ("Petitioner") has filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner is a federal prisoner incarcerated in federal custody at the Federal Correctional Institution ("F.C.I. Edgefield") in Edgefield, South Carolina. He is proceeding *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2) (D.S.C.), the assigned United States Magistrate Judge is authorized to review petitions and to submit findings and recommendations to the District Judge. Having carefully reviewed the record, the Magistrate Judge recommends that the petition be **summarily dismissed,** without prejudice, for the following reasons:

I.  Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in this case pursuant to the Rules Governing § 2254 Cases, 28 U.S.C. § 2254; the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214; and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (en banc); *and Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This § 2241 petition is before the Court for initial review. Petitioner is proceeding *in forma pauperis*, and thus, the petition is subject to screening under 28 U.S.C. § 1915(e)(2). Such statute provides that "the court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Under such statute, a petition based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke*, 490 U.S. at 324-25.

*Pro se* pleadings are given liberal construction and are held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). However, "[t]he 'special judicial solicitude' with which a district court should view ... *pro se* complaints does not transform the court into an advocate. *United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012), *cert. denied*, 133 S.Ct. 2401 (2013). Only those questions which are squarely presented to a court may properly be addressed." *Weller v. Dept. of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990). Giving "liberal construction" does not mean that the Court can ignore a petitioner's clear failure to allege facts that set forth a cognizable claim. "Principles requiring generous construction of *pro se* complaints ... [do] not require ... courts to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).

## II.  Petitioner's Allegations

Petitioner indicates that on April 27, 2010, he pleaded guilty to the offense of illegal re-entry by a deported alien in violation of 8 U.S.C. § 1326(a), 1326(b)(1). (DE# 1-1 at 4). On November 20, 2013, he was sentenced to 96 months imprisonment by the United States District

Court for the Southern District of Texas. (DE# 1, ¶ 4, citing Case No. 1:13-cr-982-001). Petitioner indicates he did not appeal, nor file a motion pursuant to 28 U.S.C. § 2255. (*Id*., ¶¶ 7, 11(d)). He acknowledges that the one-year time period for filing a § 2255 motion has expired.

Petitioner has now filed a petition pursuant to 28 U.S.C. § 2241. He seeks 1) a downward departure to his sentence because of his status as a deportable alien; and 2) wants to receive the benefit of 18 U.S.C. § 3624(c), which provides the Bureau of Prisons ("BOP") with discretion to place certain inmates in programs that will aid the prisoner's re-entry into the community. Petitioner urges that the Court should permit his § 2241 petition to proceed because the expiration of the one-year period of limitations renders the remedy under § 2255 "inadequate or ineffective."

Petitioner asks for the following relief:

> Petitioner asserts that, his status is a deportable alien, and he requesting for a downward departure to acount (sic) for the fortuitous increase in the severity of sentence in violation of the U.S. Constitution, and clearly established laws of the United States, Honorable Court "Grant" his form and in support memorandum with the Habeas Petition § 2241(c)(3).

(DE# 1, ¶ 15, as in original).[1] He also wants the BOP to allow him to obtain "the benefits of title 18 U.S.C. § 3624(c) which direct the [BOP] to ensure that the petitioner spends the last ten (10) percent of his sentence under conditions that include community confinement and other rehabilitational programs and opportunities that will afford the petitioner a reasonable opportunity to adjust and prepare for his re-entry into the community." (DE# 1-1 at 1).

III.  Discussion

---

[1] The Magistrate Judge is mindful of the difficulties faced by *pro se* litigants and has liberally construed the pleadings. That said, Petitioner's allegations are often inconsistent. For example, he indicates he is challenging his "immigration detention" and "detainer," but indicates that this petition does not concern immigration proceedings. (*Id*. at ¶¶ 4-5, 11). He indicates he is not challenging "the validity of his conviction or sentence as imposed" (*Id*. at ¶ 10), but argues that he wants the Court to "depart downward to account for the fortuitous increase in severity of the sentence of a prisoner with the status of an (sic) deportable alien." (DE# 1-2 at 1). Petitioner indicates he did not appeal his sentence, (DE# 1, ¶¶ 7, 11(d)), but indicates that he presented such ground for relief "in all appeals that were available" to him. (*Id*. at ¶ 13(b)). Careful review of Petitioner's requests for relief sheds light on the actual claims.

A. Request for Downward Departure, The Savings Clause of § 2255

By alleging that the sentencing court should have granted him a downward departure, Petitioner is essentially seeking to challenge his sentence in order to obtain a reduced sentence.[2] A petition under 28 U.S.C. § 2255 is the primary means by which a federal prisoner collaterally challenges his sentence. *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) ("it is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255"). Motions pursuant to § 2255 are subject to a one-year period of limitations. 28 U.S.C. § 2255(f) ("A 1-year period of limitation shall apply to a motion under this section."); *see also United States v. Mathur*, 685 F.3d 396, 397–98 (4th Cir. 2012) (observing that a § 2255 motion filed "years after his judgment of conviction became final …would typically be barred by the one-year statute of limitations in § 2255(f)(1)"), *cert. denied*, 133 S.Ct. 1457 (2013).

A prisoner who wishes to challenge the *execution* of his sentence typically brings a petition for writ of habeas corpus under 28 U.S.C. § 2241. *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (explaining that a § 2241petition is used to challenge the manner in which a sentence is executed). In very limited circumstances, a petition under 28 U.S.C. § 2241 may be used by a federal prisoner to challenge his sentence if he can satisfy the requirements of the § 2255 "savings clause." The savings clause provides that:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

---

[2] Petitioner fails to appreciate the distinction between challenging his sentence and challenging the execution of that sentence. In this claim, he appears to be challenging the sentence itself because he is challenging the sentencing court's exercise of its discretion when fashioning the original sentence.

28 U.S.C. § 2255(e); *see Prousalis v. Moore*, 751 F.3d 272, 275 (4th Cir. 2014) (observing that a prisoner "may file a habeas petition under § 2241 only if the collateral relief typically available under § 2255 is inadequate or ineffective to test the legality of his detention"), *cert. denied*, 135 S.Ct. 990 (2015).

Petitioner indicates he never filed a § 2255 motion with the sentencing court. Merely failing to file (or failing to succeed on) a § 2255 motion does not establish the "inadequacy or ineffectiveness" of the § 2255 remedy. The "remedy afforded by the statute authorizing a motion to vacate, set aside or correct the sentence is not rendered inadequate or ineffective merely because an individual is procedurally barred from filing such a motion." *Rice*, 617 F.3d at 807. Although the one-year period of limitations for bringing a § 2255 motion has expired, such fact does not render the § 2255 remedy "inadequate or ineffective." *In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000) (explaining that "[i]t is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision.").

To the extent Petitioner is attempting to challenge his sentence, he is not entitled to proceed under the savings clause. *See, e.g., Perez–Martinez v. United States*, 235 F.App'x 228, 229 (5th Cir. 2007) (dismissing § 2241 petition requesting downward departure on account of prisoner's deportable alien status because such claim should have been raised in a § 2255 motion before the sentencing court); *Pineda v. Bryan*, 2012 WL 3100650 (N.D.Tex. July 11, 2012) (finding that savings clause was not applicable and dismissing § 2241 petition by deportable alien seeking both a reduced sentence and participation in BOP program for early release), *adopted by* 2012 WL 3104619 (N.D.Tex. July 31, 2012), *appeal dismissed* (5th Cir. Sept. 25, 2012).[3]

---

[3] To the extent that the petition could be construed as a motion for a sentence reduction, 18 U.S.C. § 3582(c)(2) authorizes district courts, in some circumstances, to modify an imposed sentence in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. *See United States v. Stewart*, 595 F.3d 197, 200-01 (4th Cir. 2010). Petitioner does not point

Moreover, even supposing that this § 2241 petition could proceed under the savings clause, Petitioner has not alleged any constitutional violation that would entitle him to relief.[4] Petitioner contends that, based on *United States v. Smith*, 27 F.3d 649 (D.C. Cir. 1994), a drug case decided over twenty years ago in another circuit, the sentencing court should have departed downward "based solely because of his status as an (sic) deportable alien." (DE# 1-1 at 3). Courts in this circuit have rejected such argument. *See, e.g. United States v. Radomirski*, 2015 WL 4911652, *2 (D.Md. Aug. 14, 2015) (observing that petitioner's reliance on *Smith* was "misplaced;" and explaining that the court was not obligated to depart below the guidelines range solely because petitioner was a deportable alien); *United States v. Holguin*, 16 F.Supp.2d 595 (D.Md.1998) (denying § 2255 motion, observing that sentencing court was not required to depart downward based on defendant's status as deportable alien, and further pointing out that "majority view treats status as a deportable alien as an improper basis for a downward departure"), *appeal dism'd,* 166 F.3d 1211 (4th Cir. 1998), *cert. denied*, 529 U.S. 1403 (2000).[5]

Courts in the Fifth Circuit -- where Petitioner was sentenced -- have also repeatedly rejected such argument. *See United States v. Garay*, 235 F.3d 230, 233-34 (5th Cir. 2000) (holding

---

to any relevant guideline amendments, nor does he indicate that a reduction is warranted pursuant to any sentencing factors in 18 U.S.C. § 3553(a). *See, e.g., United States v. Hiller*, Case No. 3:07–155–JFA, 2012 WL 3848317, *1 (D.S.C. Sept. 5, 2012); *Canada v. Howard*, Case No. 8:12-cv-1171-GRA-JDA, 2012 WL 3150517, *3-4 (D.S.C. July 11, 2012), *adopted by*, 2012 WL 3144641 (D.S.C. Aug. 2, 2012) (summarily dismissing § 2241 petition seeking a sentence reduction, and observing that such dismissal would not preclude Petitioner from pursuing a motion pursuant to § 3582(c)(2)).

[4] Petitioner does not rely on any retroactively applicable United States Supreme Court decision that was foreclosed by circuit law at the time of his plea and sentencing.

[5] To the extent Petitioner also relies on the minority opinion in *United States v. Restreppo*, 999 F.2d 640 (2nd Cir.), *cert. denied*, 510 U.S. 954 (1993), such case provides no grounds for habeas relief. The court held that, aside from extraordinary consequences, collateral consequences as a result of status as a deportable alien do not justify a downward departure. *Id*. at 644. The Court noted that in extraordinary circumstances, a defendant's status as a deportable alien may be considered when deciding whether to give a downward departure under the Sentencing Guidelines, but that a downward departure was not required nor warranted under the facts of that case. *Id*. Even supposing that *Restreppo* might apply, Petitioner alleges no extraordinary circumstances.

that defendant's status as a deportable alien was not a permissible basis for a downward departure, because such status was an "inherent element of his crime" and had "already been considered by the Commission in formulating the applicable guideline"), *cert. denied*, 532 U.S. 986 (2001); *see also, e.g., United States v. Nematuth,* 503 F.App'x 255, 2012 WL 6634317 (5th Cir. 2012) (same), *cert. denied*, 133 S.Ct. 2012 (2013); *United States v. Alarcon-Acosta*, 2015 WL 3866711 (S.D.Tex. June 23, 2015) ("in an immigration offense, a defendant's alienage has been adequately taken into consideration and thus is not a permissible basis for downward departure"); *Martinez-Valdez v. United States,* 2011 WL 3666606, *3 (W.D.Tex. July 19, 2011) (explaining that "the drug-related holding in *Smith* is not applicable to Martinez's immigration-related conviction").

To the extent Petitioner suggests that his counsel should have appealed "that downward depart (sic)," he presents no developed argument suggesting why this would allegedly provide any basis for habeas relief. (DE# 1 at ¶ ¶ 13-14). Petitioner's allegations are construed as alleging that Petitioner was entitled to a downward departure at sentencing based on his status as a deportable alien and that his counsel should have obtained such downward departure and/or appealed on such basis. This would not provide grounds to proceed under the savings clause, nor would any such alleged claim of ineffectiveness of counsel have merit. *See e.g., Valenzuela-Lizarraga v. United State*s, 2011 WL 3841964, *3 (M.D.N.C. Aug. 26, 2011) (petitioner claimed counsel should have sought a downward departure on the basis that petitioner, as a deportable alien, could not serve any of his sentence in a halfway house; Court found no ineffectiveness on such basis and dismissed § 2255 motion); *Gutierrez v. United States*, 2002 WL 31947206, *1 (E.D.N.Y. Nov. 27, 2002) (holding that even if petitioner's counsel had sought a downward departure based solely on petitioner's status as a deportable alien, such request would have been unsuccessful); *Alarcon-Acosta*, 2015 WL 3866711, *4 (same, holding that "the Court would not have further reduced

[petitioner's] sentence had counsel raised an objection on this ground at sentencing. Because [petitioner] cannot show that counsel's failure to make the argument would have made any difference in his sentence, … his ineffective assistance of counsel claim also fails").

B. <u>BOP Discretion under 18 U.S.C. § 3624(c)</u>

On April 9, 2008, the Second Chance Act of 2007, Pub.L.No. 110–99 (the "Act"), was enacted, thereby amending 18 U.S.C. § 3624. Petitioner appears to challenge the BOP's implementation of such statute. As amended, 18 U.S.C. § 3624(c)(1) provides that the Director of the BOP shall, to the extent practicable, "ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months) under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." Petitioner indicates he wants the benefit of such early release provision. The Act, however, does not guarantee that any prisoner will be placed in a half-way house. *See, e.g., McDonald v. Obama,* 2010 WL 1526443 (M.D.Pa. March 15, 2010), *adopted by* 2010 WL 1526447 (April 15, 2010) (dismissing habeas petition; holding that the Act permits, but does not compel, earlier release to a half-way house, and that federal inmates do not have any substantive right to such early release).

Moreover, Petitioner -- as a deportable illegal alien -- is ineligible for placement in a half-way house or other "residential re-entry center." The Act was not intended to facilitate the re-introduction of deportable aliens into the community. *See, e.g., Charry Cubillos*, 91 F.3d at 1344–45 (9th Cir. 1996) (emphasizing that "a deportable alien is not to be released back into the community" at the conclusion of his sentence); *Lizarraga-Lopez v. United States,* 89 F.Supp.2d 1166, 1170 (S.D.Cal. Feb. 10, 2000) (same, denying § 2255 motion on such basis). Pending deportation, deportable aliens are not released back into the general population at the end of their

sentence, but rather, into the custody of the Attorney General. 8 U.S.C. § 1252(a)(2)(A). Such persons do not "prepare for reentry into the community," and by definition, are not eligible for community confinement under 18 U.S.C. § 3624(c). *See Garcon v. Cruz*, Case No. 6: 14–4332–RMG-KF M, 2015 WL 4557146, \*4 (D.S.C. July 28, 2015) (dismissing § 2241 petition because deportable alien was not entitled to participate in BOP's early release program and had not shown any constitutional violation on such basis).[6]

Petitioner is not entitled to any habeas relief based on his challenge to the BOP's decision not to place him in a half-way house pursuant to § 3624(c). *See, e.g., Hayes v. Cross*, 2010 WL 3341590, \*4 (N.D.W.Va. July 12, 2010), ("any substantive decision by the BOP with regard to the petitioner's eligibility for [half-way house] placement … is not reviewable by this Court."), *adopted by* 2010 WL 3341588 (Aug. 24, 2010); *Uriostegui-Galarza v. United States*, 2016 WL 815301, \*1 (W.D.N.C. Feb. 29, 2016) ("district courts that have examined similar claims for relief under § 2255 uniformly have concluded that illegal aliens are not entitled to sentencing relief merely because they are deemed ineligible for community confinement because of the likelihood of future deportation").

Petitioner's ineligibility for § 3624(c) consideration does not deprive him of any due process or equal protection rights, nor does the statute confer any rights or create a liberty interest in his favor. *See Pineda*, 2012 WL 3100650, \*2 ("courts have determined that the BOP's policy of excluding deportable aliens from certain BOP programs does not violate the Equal Protection Clause"); *Gambino v. Gerlinski*, 96 F.Supp.2d 456, 460 (M.D.Pa. 2000) (collecting cases), *affirmed by,* 216 F.3d 1075 (3rd Cir. 2000); *Hayes*, 2010 WL 3341590, \*4 ("petitioner has no protected liberty interest in being placed in [a half-way house] prior to his release, and the decision

---

[6] See 28 C.F.R. § 550.55 ("As an exercise of the Director's discretion, the following categories of inmates are not eligible for early release: (1) Immigration and Customs Enforcement detainees…").

whether to make such placement is clearly a matter of prison management within the knowledge and expertise of BOP officials"); *Rodriguez v. Dixon,* 2012 WL 5380651, *2 (N.D.Tex. Oct. 10, 2012) (denying § 2241 relief, deportable alien had no constitutional right to early release to a half-way house under § 3624(c)), *adopted by*, 2012 WL 5382408 (N.D.Tex., Nov. 1, 2012); *Garcon*, 2015 WL 4557146 at *1 ("the challenged BOP policies did not violate the constitutional rights of Petitioner"). It is well-settled that prisoners have no inherent constitutional right to placement in any particular prison (including early release to a half-way house), to any security classification, or to any particular housing assignment. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*, 427 U.S. 215 225 (1976); *Montanye v. Haymes*, 427 U.S. 236, 242 (1976).

Even giving this habeas petition the liberal construction afforded to *pro se* filings, this petition does not state a claim for any constitutional violation. A district court may summarily dismiss a § 2241 petition if is plainly apparent from the record that the movant is not entitled to any relief. *See United States v. Edwards*, 27 F.3d 564 (4th Cir. 1994) (summarily dismissing § 2241 petition); *Montero v. Bush*, 88 F.App'x 644 (4th Cir. 2004) (affirming dismissal of § 2241 petition under 28 U.S.C. § 1915(e)(2)(B)).

C. Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Cases provides "the district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant." Having determined that the Petition is subject to dismissal, the Court next considers whether Petitioner is entitled to a COA for any issues presented in the petition. A COA may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Where a petitioner's constitutional claims have been denied on the merits by the Court, the petitioner must demonstrate that "reasonable jurists would find the district court's assessment of

the constitutional claims debatable or wrong." *Miller–El v. Cockrell*, 537 U.S. 322, 338 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Petitioner must show that it is debatable whether "the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Id*. at 336.

Where a petitioner's constitutional claims are dismissed on procedural grounds, a COA will not issue unless the petitioner demonstrates both (1) that jurists of reason would find it debatable whether the petition states a valid claim of denial of a constitutional right, and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack*, 529 U.S. at 484).

With respect to Petitioner's first argument (*i.e.* for downward departure), Petitioner has not shown any basis to proceed under the savings clause. It is well-settled that a failure to seek timely § 2255 relief does not render such remedy "inadequate or ineffective." The undersigned recommends that jurists of reason would not find this procedural ruling debatable. Moreover, although petitioner seeks a downward departure based on his status as a deportable alien, jurists of reason would not debate whether the petition states a valid claim of denial of a constitutional right on such basis. Petitioner pleaded guilty to illegal re-entry. In light of such offense, the sentencing court was well aware that Petitioner was a deportable alien at the time sentence was imposed. Petitioner does not state a claim for violation of any constitutional right on such basis.

With respect to Petitioner's argument that he wants the benefit of early release into the community under 18 U.S.C. § 3624, his status as a deportable alien renders him ineligible for such BOP program. Such ineligibility does not implicate any issue of constitutional dimension. The undersigned recommends that jurists of reason would not debate whether the issue should have been decided differently. The Petition does not meet the criteria for issuance of a COA.

IV. Recommendation

Accordingly, the Magistrate Judge recommends that the Petition (DE# 1) be **summarily dismissed,** without prejudice, and that a COA should not be issued.

                                                          _____
March 30, 2016                                MARY GORDON BAKER
Charleston, South Carolina            UNITED STATES MAGISTRATE JUDGE


Petitioner's attention is directed to the **important notice** on the following page:

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).